NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

|  |  |
|---|---|
| BETTY G. CAREY, | ) |
| | ) Supreme Court No. S-14303 |
| Appellant, | ) |
| | ) Superior Court No. 1JU-10-00878 CI |
| v. | ) |
| | ) MEMORANDUM OPINION |
| | ) AND JUDGMENT[*] |
| ALYESKA PIPELINE SERVICE | ) |
| COMPANY and JOHN/JANE/ | ) No. 1437- September 12, 2012 |
| ENTITY DOE(S) 1-50, | ) |
| | ) |
| Appellees. | ) |
| _____ | ) |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Juneau, Philip M. Pallenberg, Judge.

Appearances: Betty G. Carey, pro se, Auke Bay, Appellant. Andrew K. Sorensen, Senior Counsel, Alyeska Pipeline Company, Anchorage, for Appellee Alyeska Pipeline Service Company.

Before: Fabe, Chief Justice, Carpeneti, Winfree, and Stowers, Justices.

1.      On March 24, 1989, the Exxon Valdez oil tanker struck Bligh Reef and spilled large amounts of crude oil. During the summer of 1989, Betty G. Carey was

---

[*]      Entered under Alaska Appellate Rule 214.

employed by Veco, an oilfield services company that contracted with Exxon to aid cleanup efforts from the Exxon Valdez spill.

2. Alyeska Pipeline Service Company (Alyeska) operates and maintains the Trans-Alaska Pipeline System (TAPS), a pipeline that runs from the North Slope for approximately 800 miles south to the Valdez Marine Terminal. This pipeline transports oil extracted from the North Slope to tankers in Valdez. Although Alyeska operates and maintains the pipeline, it states that it "has no ownership interest in the oil, the pipeline itself, or the ta[n]kers." Alyeska performs its duties on behalf of the five pipeline companies that own TAPS: BP Pipelines (Alaska), Inc., Conoco Phillips Transportation Alaska, Inc., ExxonMobil Pipeline Co., Unocal Pipeline Co., and Koch Alaska Pipeline Co., LLC. At no time was Carey employed by Alyeska.

3. In September 2010, Carey filed suit against Alyeska alleging that her exposure to crude oil from the spill in 1989 caused irreparable harm to her and her unborn child. She claimed the harm was "exacerbated by [Alyeska's] lack of full and responsible disclosures" of the toxins contained in the oil. Carey alleged that she became ill while working on the oil spill and has suffered lifelong health complications resulting from this exposure. Alyeska answered the complaint, asserting that it had never employed Carey, and the oil spill was not its fault or responsibility.

4. In March 2011, Alyeska filed a motion to dismiss under Alaska Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Carey opposed the motion, and Alyeska replied to Carey's opposition. On April 11, 2011, the superior court granted the motion to dismiss the complaint, concluding that "Ms. Carey cannot establish a cause of action against Alyeska Pipeline even if all the facts in her complaint are true." Carey appealed.

5. We review de novo a motion to dismiss for failure to state a claim upon which relief can be granted under Alaska Civil Rule 12(b)(6) and consider all

factual allegations in the complaint to be true.[1] To survive a motion to dismiss, a complaint need only allege "a set of facts consistent with and appropriate to some cause of action."[2] "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief."[3]

6.      Carey's complaint alleges tort claims for injury caused by the following: (1) exposure to crude oil and (2) the subsequent lack of disclosure of the toxins contained in the oil.  In support of her claims Carey cites AS 23.25.010, which provides:

> A person engaged in manufacturing . . . or other business or occupation carried on by means of machinery . . . is liable to an employee . . . for all damages that may result from the negligence of any of the employer's officers, agents, or employees, or by reason of defect or insufficiency due to the employer's negligence in the machinery, appliances, and works.

Carey claims that Alyeska should be held liable as it was the "product manager": It managed the oil delivered via TAPS to the tanker that ultimately spilled the toxic substances.   Carey cites general Occupational Safety and Health Administration regulations and "right-to-know" laws for Alyeska's alleged duty to disclose the contents of the crude oil, claiming that Alyeska was grossly negligent by remaining silent and

---

[1]      *Clemensen v. Providence Alaska Med. Ctr.*, 203 P.3d 1148, 1151 (Alaska 2009) (citing *Jacob v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 177 P.3d 1181, 1184 (Alaska 2008)).

[2]      *Trask v. Ketchikan Gateway Borough*, 253 P.3d 616, 621 (Alaska 2011) (citing *Catholic Bishop of N. Alaska v. Does 1-6*, 141 P.3d 719, 722 (Alaska 2006)).

[3]      *Catholic Bishop of N. Alaska*, 141 P.3d at 722 (citing *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 254 (Alaska 2000)).

insisting that right-to-know laws provide "a person a reasonable expectation to know what hazardous substances they are exposed to, whether they are an employee or not."

7. In the Occupational Safety and Health Act (OSHA), Congress provided that the purpose of the act is to work with employers and employees to reduce safety and health hazards at work sites.[4] Likewise, Alaska's right-to-know statute, AS 18.60.067, is predicated upon the existence of an employer-employee relationship. This statute provides, "An employer shall make available to an employee on request a copy of the most recent OSHA form 20 or equivalent written information for a toxic or hazardous substance or for a physical agent to which the employee may be exposed."[5]

8. The superior court explained that Carey "has not alleged that Alyeska Pipeline was responsible for the oil spill or that it had any ownership interest in the oil." Similarly, the court acknowledged that "Carey's complaint does not identify the source of the duty to disclose that she attributes to Alyeska Pipeline" and that "Ms. Carey admits that she was not an employee of Alyeska Pipeline at the time of the cleanup." The superior court noted that Carey believes "AS 23.25.010, OSHA regulations, and/or 'right to know laws' " may provide a basis for such a duty, but the court rejected this assertion because these laws all rely on an employer-employee relationship or do not otherwise provide for a private right of action.

9. Carey argues that dismissal was improper because although she "was not employed by [Alyeska], she was indeed a _foreseeable victim_" because she participated in the oil spill cleanup efforts. Moreover, Carey claims that "[i]t is foreseeable that pipeline contents can be spilled and people other than pipeline workers

---

[4] _See_ 29 U.S.C. § 651(b) (declaring purpose of act is to "provide for the general welfare, to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources").

[5] AS 18.60.067(a).

can be toxically exposed, and therefore [Alyeska], knowing the most information about toxins in pipeline oil, owes a duty of disclosure and a duty to care." Carey alleges that Alyeska "has the most knowledge, or should have the most knowledge, about what was within the pipeline because [Alyeska] maintained and serviced the pipeline and would have been required to possess this information to protect its workers pursuant to OSHA regulations." Accordingly, Carey maintains that this superior knowledge means Alyeska "should have a duty to disclose or at least a duty to answer [d]iscovery."

10. Alyeska responds "first, that [it] was not [Carey's] employer, and second, that it did not own, have custody of, or otherwise have responsibility for the crude oil spilled by the Exxon Valdez tanker." In sum, Alyeska argues that "Carey could not establish a cause of action against Alyeska even if all the facts in her complaint were true." Alyeska maintains that "whether or not an appellant has suffered damage or injury, there is no legal basis to impose legal liability [on] a party such as Alyeska." Moreover, it argues that Carey's "complaints were properly dismissed under Rule 12(b)(6) because they contained only conclusions and were devoid of specific facts to support any claims of unlawful conduct."

11. The superior court correctly dismissed Carey's complaint for failure to state a claim upon which relief can be granted. Carey's complaint asserts two main claims, one based on her exposure to crude oil and the toxins within, and the other based on a failure to disclose the contents of the oil. However, the authorities she relies on for both of these claims, the Alaska statutes and OSHA regulations, apply only in the context of an employer-employee relationship. Alyeska was never Carey's employer so these authorities do not provide a cause of action. Thus, Carey has not alleged a claim against Alyeska upon which relief can be granted, and dismissal was proper.

12. Carey also argues that dismissal of her complaint amounts to a denial of due process. She contends that she did not have the opportunity to present her case

because she was unable to obtain information about toxins in the oil or other oil-related litigation; the case was dismissed before discovery had begun; and the case was dismissed while she was "sidetracked and dealing with [a] distracting interference," including other litigation. However, dismissal on the pleadings does not constitute a denial of due process as long as the petitioner had the opportunity to present his or her case.[6]

13. Carey had the opportunity to present her claim: She initiated the case, had notice of Alyeska's motion to dismiss, filed an opposition to the motion to dismiss, and had a fair opportunity to argue her case before the court dismissed it. Discovery on this claim would not have aided her case because she failed to plead an essential element of her cause of action: an employer-employee relationship.[7] In fact, she admitted that no such relationship existed, and in the absence of a claim upon which relief can be granted, she has no case to argue.

14. Because Alyeska was not Carey's employer, because Alyeska did not own or have custody of the oil when it spilled, and because Carey was afforded due process, we AFFIRM the decision of the superior court to dismiss this case.

---

[6] *See Smith v. CSK Auto, Inc.*, 132 P.3d 818, 823-24 (Alaska 2006) (although appellant claimed due process denied because no opportunity to conduct discovery, proceedings were adequate because appellant initiated proceeding, had notice of appellee's motion to dismiss, and had fair opportunity to present case before superior court dismissed for failure to state claim).

[7] *See* 29 U.S.C. § 651(b) (employer and employees must work together to ensure workplace safety); AS 18.60.067 (employer must provide information on toxic substances to employee); AS 23.25.010 (employer liable to employee for negligence due to defects or insufficiency of machinery).